# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM SIMMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATTHEW ROBINSON, EDWIN ) <br> NELSON, and DELPHINE BRIDGES,) <br> ) <br> Defendants. ) | Case No. 15-cv-4673 <br><br> **JURY TRIAL DEMANDED** <br><br> Judge Sara L. Ellis |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, William Simmons, by his attorneys, Dylan Smith and Joseph A. Schlitter of Freeborn & Peters LLP, and for his amended complaint against Defendants, Matthew Robinson, correctional officer at the Cook County Jail ("Officer Robinson"), Edwin Nelson, correctional officer at the Cook County Jail ("Officer Nelson"), and Delphine Bridges, correctional officer at the Cook County Jail ("Officer Bridges") (collectively, the "Defendants"), alleges and states as follows:

## INTRODUCTION

1. This is a civil rights action seeking relief pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Fourteenth Amendment rights that occurred while he was confined as a pretrial detainee at the Cook County Jail in Chicago, Illinois.

## PARTIES

2. Plaintiff is a citizen of the State of Illinois and resides in West Frankfort, Franklin County, Illinois. At all relevant times, Simmons was incarcerated at Cook County Jail as a pretrial detainee.

3. Defendant Matthew Robinson was at all relevant times a correctional officer at the Cook County Jail.

4. Defendant Edwin Nelson was at all relevant times a correctional officer at the Cook County Jail.

5. Defendant Delphine Bridges was at all relevant times a correctional officer at the Cook County Jail.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Fourteenth Amendment to the United States Constitution and seeks to redress deprivations under color of State law of civil rights secured by the Constitution and Acts of Congress.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## FACTS

8. From approximately January 15, 2015, to August 31, 2015, Simmons was incarcerated at the Cook County Jail as a pretrial detainee pending trial.

9. On or about the morning of March 16, 2015, Simmons was violently attacked by a fellow inmate in the "day room" of Cook County Jail Division II, Unit I. During the attack, Simmons was twice struck violently in the face by the fellow inmate and was slammed against a table.

10. Shortly before the attack began, Officer Robinson, the on-duty supervising officer for Unit/Tier CG, had left the day room to go outside to the recreation yard.

11. Officer Bridges was present in the day room on the morning of March 16, 2015, when the attack on Simmons by the inmate occurred. When the attack began, Officer Bridges chose deliberately to not call for help or attempt to halt the attack, but instead stood by and observed the attack for several minutes.

12. After several long minutes, Officer Bridges eventually went outside to the recreation yard to notify Officer Robinson about the ongoing attack on Simmons by the inmate. Officer Bridges left the day room unattended when she went outside to alert Officer Robinson.

13. Officer Bridges returned to the day room with Officers Robinson and Nelson. At this point in time, the attack on Simmons by the inmate was still ongoing. But rather than choosing either to radio for help or to stop the attack, the three officers chose again to stand by and to watch Simmons get brutally beaten by the inmate.

14. When Simmons saw the three officers enter the room, he called out repeatedly for their help in breaking up the attack. The officers still chose to do nothing.

15. Finally, after Simmons had incurred several severe injuries, and after it had become clear that the officers would not take action, fellow inmates intervened and pulled the assailant off of Simmons.

16. As a result of the attack, Simmons incurred several severe injuries. Simmons's injuries included, among other things, a fracture to his upper jaw bone, loose teeth, damaged hearing and vision, residual severe headaches, a dislocated knee, abrasions to his right arm, and swollen and lacerated upper and bottom lips. Additionally, Simmons developed mental health issues relating to the attack.

17. Immediately after the attack, Simmons asked Officer Robinson if he could be permitted to receive medical treatment for his severe injuries. Officer Robinson denied Simmons's request and refused to allow him to seek medical treatment. In denying Simmons's request, Officer Robinson stated that he did not do "paperwork," and that sending Simmons to the medical dispensary would require Officer Robinson to do paperwork. Officer Robinson also stated that Simmons would not be allowed to obtain medical treatment because his injuries were not "life-threatening." Despite the obvious nature of Simmons's severe injuries, Officer Robinson refused to allow Simmons to receive medical aid to treat his injuries.

18. Instead of securing medical treatment for Simmons, Officer Robinson sent Simmons immediately back to his cell following the attack. When Simmons returned to his cell, he lost consciousness due to his injuries, fell and hit the back right side of his head.

19. As a result of Officer Robinson's refusal to allow Simmons to seek immediate medical treatment for his injuries, Simmons incurred additional injuries to his head and neck and needless prolonging of pain and suffering.

# COUNT I
# FAILURE TO PROTECT
## (Against Defendants Matthew Robinson, Edwin Nelson, and Delphine Bridges)

20. Simmons incorporates by reference and re-alleges the preceding paragraphs as if set forth here in full.

21. The violent attack on Simmons by a fellow inmate created a substantial risk that Simmons would suffer serious harm.

22. Defendant Officers Robinson, Nelson, and Bridges were each aware of the substantial risk that the attack would result in serious harm to Simmons. Despite that knowledge, and in deliberate indifference to that substantial risk, the three Defendant Officers each intentionally refrained from taking reasonable measures to prevent or halt the attack.

23. The deliberate refusal of Officers Robinson, Nelson, and Bridges to take any action in response to the attack, including the refusal to intervene to halt the attack or to call for back up, despite the fact that all three Officers were physically present at the scene and observed Simmons getting violently beaten up, was objectively unreasonable in light of the facts and circumstances known to the Officers.

24. As a direct and proximate result of Defendants' failure to protect Simmons from a substantial risk of serious harm, Simmons incurred physical injuries, including a fracture to his upper jaw bone, loose teeth, damaged hearing and vision, residual severe headaches, a dislocated knee, abrasions to his right arm,

swollen and lacerated upper and bottom lips, and related mental health issues.

25. In failing to protect Simmons from the attack by his fellow inmate, Defendants Matthew Robinson, Edwin Nelson, and Delphine Bridges each violated Simmons's Fourteenth Amendment rights.

## COUNT II
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED
### (Against Defendant Matthew Robinson)

26. Simmons incorporates by reference and re-alleges the preceding paragraphs as if set forth here in full.

27. As a direct and proximate result of the March 16, 2015 attack, Simmons suffered serious physical injuries, including a fracture to his upper jaw bone, loose teeth, damaged hearing and vision, residual severe headaches, a dislocated knee, abrasions to his right arm, and swollen and lacerated upper and bottom lips.

28. Simmons's injuries constituted an objectively serious medical condition.

29. Defendant Officer Robinson was aware of Simmons's serious medical condition. Despite that knowledge, Officer Robinson exhibited deliberate indifference to Simmons's serious medical condition by intentionally failing to take reasonable measures to obtain medical treatment for Simmons and by deliberately preventing Simmons from obtaining medical treatment.

30. The refusal to allow Simmons to seek medical aid immediately following the attack was objectively unreasonable in light of the facts and

circumstances known to Officer Robinson.

31. As a direct and proximate result of Officer Robinson's refusal to allow Simmons to seek immediate medical treatment for his injuries, Simmons incurred additional injuries to his head and neck and needless prolonging of pain and suffering.

32. Defendant Matthew Robinson violated Simmons's Fourteenth Amendment rights through his denial of necessary medical treatment to Simmons.

## JURY DEMAND

Simmons demands a trial by jury on any and all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Simmons prays for the following relief:

(A) That the Court enter judgment in favor of Simmons and against Defendants;

(B) That the Court award damages to Simmons in an amount to be determined at trial;

(C) That the Court award Simmons punitive damages;

(D) That the Court award Simmons his reasonable costs and attorneys' fees; and

(E) That the Court grant Simmons such other and further relief that the Court deems just and equitable.

Dated: July 21, 2016              Respectfully submitted,

                                  WILLIAM SIMMONS

                          By:     /s/ Dylan Smith
                                  One of His Attorneys

                                  Dylan Smith
                                  Joseph A. Schlitter
                                  FREEBORN & PETERS LLP
                                  311 South Wacker Drive
                                  Suite 3000
                                  Chicago, IL 60606-6677
                                  312.360.6000
                                  dmsith@freeborn.com
                                  jschlitter@freeborn.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on the date shown below he caused the foregoing document to be filed electronically in the United States District Court for the Northern District of Illinois via the Court's electronic filing system, which will send an electronic notice and a copy of the document to all counsel of record.

Dated: July 21, 2016                      /s/ Joseph A. Schlitter
                                                 *Attorney for Plaintiff William Simmons*